## MAY v. WHITE ET AL.

1. **Surety**: COLLATERAL SECURITY. Where the surety upon a promissory note secures the transfer to the payee of the note of a third party, with the understanding that the proceeds of the latter shall be applied upon the note of his principal, the note of the third party becomes collateral security for the benefit of the surety.

2. ———: ———: NEGLIGENCE. Whether the payee, in surrendering such note to the maker, exercised reasonable prudence and care, is a question of fact for the jury.

### *Appeal from Fremont Circuit Court.*

FRIDAY, MARCH 19.

THE plaintiff claims of Richard White and Anna M. White, administrators of the estate of D. H. White, deceased, the sum of three hundred dollars, with ten per cent interest from the 28th day of September, 1870, upon a promissory note dated September 28th, 1870, due fifteen months after date, executed by T. S. Higginbotham and D. H. White, security, and payable to C. S. McMaken, or bearer.

The defendants answered, admitting that D. H. White, deceased, executed the note sued upon as surety for the principal, T. S. Higginbotham, and alleging that said White, about the time the note became due, for the purpose of securing himself against the payment thereof, secured the transfer to C. S. McMaken, of a promissory note for three hundred dollars, executed by A. Noble and John Stoner, payable to T. S. Higginbotham or order, and that McMaken accepted the transfer, and agreed to collect the note and apply the proceeds to the payment of the note sued on.

The answer further alleges that McMaken negligently suf-

fered said note to be taken from his control and possession, and that by reason of said neglect the said D. H. White lost the benefit of said note. That the note has been fully.paid, and the proceeds thereof have not been applied to the payment of the note sued on. and that plaintiff took the note sued on with full knowledge of said transfer and agreement. Defendants ask that they may be credited with the amount of said note. To this answer there was a replication in general denial.

There was a jury trial, and a verdict for plaintiff for seventy-eight and eighty-three one-hundredth dollars. No question was made upon the introduction of testimony, nor as to the correctness of the instructions.

The plaintiff filed a motion for a new trial upon the following grounds:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict is contrary to law.

3. There was error in the assessment of the amount of recovery; the verdict is too small.

The court overruled this motion. Plaintiff appeals, and assigns the following errors:

1. There is no evidence tending to show that the Noble and Stoner note was given or received as collateral security.

2. There is no evidence of fraud or negligence on the part of plaintiff, or of conversion or surrender of the collateral in question.

3. The verdict is too small, whatever may be the judgment of the court on the two preceding errors assigned.

*Stow & Hammond,* for appellant.

*J. L. Mitchell, Geo. E. Draper* and *J. C. Shockley,* for appellees.

DAY, J.—I. It cannot be successfully maintained that there is no evidence that the Noble and Stoner note was given, or received as collateral security.

It is true it may not have been distinctly stated at the time

that the note was intended as collateral security. But the
evidence does tend to show that, at the instance of
White, and for his benefit, and to secure him as a
surety for Higginbotham, the note in question was accepted
by McMaken, he agreeing to do the best he could with it, and
that with this understanding it was placed in the hands of
May for collection, and that whatever might be realized from
it was to be applied to the satisfaction of the note in suit.

*1. SURETY: collateral security.*

These facts give the Noble and Stoner note the character of
collateral security, so far as White is concerned. Upon this
point we cannot say that the verdict is not sufficiently sup-
ported by the testimony.

II. It is next urged that there is no evidence of negligence
on the part of the plaintiff, in the surrender of the collateral
in question. From all the testimony it clearly
appears that the note sued on became the property
of plaintiff long after it was due. At that time he held the
Noble and Stoner note for collection, or rather he had placed
it in the hands of attorneys for collection, and he held their
receipt. He knew the proceeds, when collected, were to be
applied to the satisfaction of the note in suit, and he knew
that White had signed that note merely as a surety. He deliv-
ered over the receipt for the collateral to Higginbotham, the
payee, in order that he might collect the note and pay over to
him the proceeds. Higginbotham obtained the note from
the attorneys, and, instead of collecting it, he sold it and
appropriated the proceeds. Whether this conduct on the part
of plaintiff was that of ordinary and reasonable prudence or
care, was a question of fact for the jury. They have found,
under proper instructions of the court, that plaintiff did not
act in the premises as a man of reasonable, and ordinary care
and caution should have done, and we think the evidence sus-
tains the finding.

*2. ——: ——: negligence.*

III. Stoner was the only responsible party upon the Noble
and Stoner note, and he denied his signature. This made the
value of the note doubtful. The amount realized upon this
note, after deducting attorney's fees and expenses, was only
$200, and it does not appear that in the exercise of reasonable

care more could have been realized. The note in suit should have been credited only with this sum. At the time of trial, to-wit: December 19, 1873, the amount of the note sued on was $396.66. The verdict should have been for $196.66. If defendants consent to the rendition of judgment in this court for $196.66, with interest from December 19, 1873, at ten per cent, the judgment will be modified and affirmed at appellee's costs. Otherwise the judgment must be

REVERSED.